UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23682-Civ-COOKE/TURNOFF

CHUKWUMA E. AZUBUKO,

    Plaintiff
vs.

JUDGE MARK S. COVEN, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me on Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 3) and Plaintiff's Complaint (ECF No. 1). I have reviewed the Plaintiff's filings, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Complaint is dismissed.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

Plaintiff's fourteen-page, twenty-three count Complaint contains incomprehensible, rambling statements that do not support his asserted causes of action. It appears that the gist of his Complaint is that Plaintiff is unhappy about the outcome of, or rulings in, a pending Massachusetts state case in which he is a defendant, and he challenges the revocation of his Massachusetts driver's license.

It appears that Plaintiff's landlord sued him in a Massachusetts state court on April 19, 2011, for non-payment of rent. Plaintiff seems to disagree with the trial judge's management of, and rulings in, that case. He states, about the Defendants:

> [I]t really defied logic that they elected to living life in Jezebel-like or out-Herod Herod manners. They were educated, but learnings [sic] did not occur [in all modesty and should not be deemed as a verbal ejaculation] Central to interactions, they manifested desiderata of intellectual humility, intellectual courage and faith-to-reasons. More, the Defendants' education implicitly or utterly lacked ethics hence their Talibanistic [sic] propensities towards the Plaintiff's third party practice. Job's comforter, indeed! To them, administration of justice should be without human face. They knew not the meaning of *Cedant arma togae*. The Plaintiff would like to know who breast-fed them if they were breast-fed?

(Compl. at 1 (footnotes omitted)). He states about the lawsuit: "On motion of the first Defendant . . . there was a hearing. The first Defendant originated a bogus, boyish, preposterous and unprofessional *ration-decidendi* and exonerated firstly three Defendants except the City of Boston." (Compl. at 1-2). He also states that the trial judge "was a rot to the judiciary central to the Plaintiff's experiences with him." (Compl. at 2). He goes on to complain:

> [T]he case should not sound like a Latin [sic] to the first Defendant, so as to compromise judicial integrity steeply and irresponsibly. The gist of the Plaintiff's third party practice was cognizable in Massachusetts from time immemorial. . . . To the first Defendant, the Plaintiff came to him to preside over a case, with virgin or unprecedented legal doctrine. With candor in communications, it was not so!

(Compl. at 2).

Plaintiff's Complaint also alleges that his Class D driver's license was revoked, but does not explain why. Instead, he alleges:

> The Plaintiff's license represented him and if it were bastardized, the Plaintiff would not acquiesce on that sheepishly or like a moronic child or zombie. The plaintiff would like his license to be reactivated without the nonsensical fault-findings [*sic*], which were no fault of the Plaintiff. Indeed the Plaintiff was not crying for the moon, at all.

It is unclear how any of the named defendants have anything to do with Plaintiff's license revocation.

Having set out the facts stated above, Plaintiff goes on to recite twenty-three counts ranging from constitutional violations to common law tort claims to federal statutory violations. However, Plaintiff provides no facts specific to any of these counts.

Moreover, even assuming Plaintiff raised colorable claims against Defendants (which he does not), venue is lacking here. Where a civil action is not founded solely on diversity of citizenship, a plaintiff may bring it only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). According to Plaintiff's Complaint, all of the defendants reside in Boston, Massachusetts, and all of the events in question occurred in Boston, Massachusetts. The Southern District of Florida is therefore not the proper venue for this suit.

Having reviewed the Complaint and the record, I find that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. Additionally, dismissal is proper for lack of venue. It is therefore **ORDERED and ADJUDGED** that the Plaintiff's

Complaint (ECF No. 1) is **DISMISSED** without prejudice. Plaintiff may file an Amended Complaint within twenty-one days of this Order. All pending motions, if any, are **DENIED** as moot. The Clerk is directed to administratively **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of October 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*
*Chukwuma E. Azubuko*, pro se