UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23682-Civ-COOKE/TURNOFF

CHUKWUMA E. AZUBUKO,

    Plaintiff

vs.

JUDGE MARK S. COVEN, *et al.*,

    Defendants.

_____/

### ORDER DENYING MOTION TO REOPEN THE APPEAL PERIOD

THIS CASE is before me on Chukwuma Azubuko's ("Plaintiff") Notice of Appeal. ECF No. 21. In his Notice, Plaintiff alleged that he did not receive notice of entry of the August 1, 2012 Order he seeks to appeal. Instead, he alleges that he did not learn about the entry of the August 1, 2012 Order until November 13, 2012, the date he allegedly called the courthouse to inquire about his case. The United States Court of Appeals for the Eleventh Circuit construed the Notice as a Motion to Reopen the Appeal Period under Federal Rule of Appellate Procedure 4(a)(6) and, *sua sponte*, remanded the proceedings before me for a determination as to whether Plaintiff is eligible for such a relief. *See* USCA Mandate, ECF No. 29. I have reviewed the motion, the record, and the relevant legal authorities. For the reasons explained below, the Motion is denied.

    Federal Rule of Appellate Procedure 4(a)(6) states as follows:

> (6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

>   (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>   (C) the court finds that no party would be prejudiced.

I find that the conditions to reopen the appeal period are not satisfied in this case. The burden of proving non-receipt or delayed receipt of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6). *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002). The docket shows that a copy of the Order was mailed to Plaintiff's address and that the letter was not returned. Accordingly, the copy is presumed received. *See id.* Plaintiff has not presented any evidence, besides his own statement, that he did not receive notice of the Order. Notably, Plaintiff has received all other documents filed in this case. Even if Plaintiff's statement was sufficient to rebut the presumption that the copy of the order was received, and after weighing the evidence before me, I find that the docket is more probative than Plaintiff's statement. Accordingly, Plaintiff has not met his burden.[1]

Finally, even assuming Plaintiff had met all the pre-conditions under Federal Rule of Appellate Procedure 4(a)(6), the reopening of a time for appeal is not an automatic right. Rule 4(a)(6) states that the court *may* reopen the time for appeal. *See Bazemore v. United States*, 292 F. Appx 873, 875 (11th Cir. 2008) (finding that by the rule's terms, the preconditions -- if satisfied -- merely authorize the district court to exercise its discretion about whether to extend the time for filing an appeal); *see also Odukoya v. Reese*, 181 F. App'x 917, 918-19 (11th Cir. 2006) (Rule 4(a)(6) allows, but does not require, a district court to reopen the time to file an appeal if certain conditions are met).

---

[1] *See, e.g.*, *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) (finding that regardless of the quantum of evidence necessary to rebut the presumption, the movant still bears the burden of proving non-receipt). It appears that the Eleventh Circuit has not addressed the issue of which approach district courts should adopt when they weight the evidence regarding receipt of the entry of an order. *See id.* (explaining the "bursting bubble approach" and the "specific factual denial approach"). Under any of these approaches, Plaintiff failed to meet his burden.

Plaintiff's suit against a judge, two assistant attorneys general, and two attorneys, is frivolous, fails to state a cause of action, and was filed in the wrong venue. A survey of the docket reveals that Plaintiff has filed over 350 suits nationwide. Among the 18 lawsuits filed in the Southern District of Florida, many were dismissed on the same grounds as in this case, *i.e.* the action was frivolous and filed in the wrong venue.[2] Plaintiff abuses the court system and should not be afforded yet another opportunity to pursue this meritless action, based on allegations that are not supported by the record, that he did not receive notice of entry of the court's order.

For the reasons explained above, it is **ORDERED and ADJUDGED as follows:**

1. Plaintiff's Motion to Reopen the appeal Period is **DENIED**.

2. All pending motions are **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, on this 18th day of March 2013.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*
*Chukwuma E. Azubuko*, pro se

---

[2] *See, e.g., Azubuko v. Muirhead*, Case No. 1:11-cv-22889-CMA; *Azubuko v. US Court of Appeals*, Case No. 1:04-cv-21483-AJ.